## William H. Tefft v. Peter McNoah.

On overruling a demurrer to a declaration, judgment goes for the plaintiff, unless leave is given the defendant to plead. To the order allowing leave, the Court may attach such conditions as the circumstances of the case may require, and its action can not be reviewed on error.

Evidence that the debtor under a contract offered to pay the debt to the assignee of the contract, provided the time of payment should be extended, does not make out a case of *novation*, which renders it necessary to sue in the name of the assignee.

By a written contract, defendant promised plaintiff to pay a third person $1700, due to him from plaintiff, and also $1800, for plaintiff's services thereafter to be performed. In an action on this contract, plaintiff, by his bill of particulars, confined his claim to the contract. *Held*, that this did not preclude him from showing, by parol evidence, the performance of the subsequent services.

9 MICH.—O

TEFFT *v.* McNOAH.

It is not necessary, in such case, to prove, aside from the contract itself, that plaintiff was indebted to the third person named, as therein stated.

*Heard April 10th.    Decided April 19th.*

Error to Wayne Circuit, where McNoah sued Tefft, for the use and benefit of Edward Shepard, on the following instrument:

"Memorandum of agreement made this twenty-eighth day of February, eighteen hundred and fifty-nine, between William H. Tefft, of the first part, and Peter M. McNoah, of the second part, both of the city of Detroit, State of Michigan, *Witnesseth:*

"Whereas, the above parties have, since the second day of July, 1855, been associated as partners in the hardware, tin, stove, and manufacturing business, as per articles of copartnership bearing date as above, to which copartnership said McNoah contributed the sum of three thousand dollars as capital (received from Edward Shepard), and the balance was contributed by said Tefft: And whereas up to the date of this instrument said McNoah has drawn from the concern all his profits, and thirteen hundred dollars of the capital invested by him, leaving seventeen hundred dollars to be paid from said capital to Edward Shepard by said Tefft, on the second day of July, 1860, from said McNoah's capital put into the business at the date of the above copartnership.

"It is now agreed, between the parties above, that said Tefft may continue the business on his own account, and that said McNoah will work for him, in conducting the shop and manufacturing as heretofore, until the second day of July, 1860, at the rate of five dollars per day; two and one-half dollars to be paid him per day by said Tefft, as he may require, and two and one-half dollars per day to be paid to Edward Shepard with the amount left with Teft, viz: seventeen hundred dollars on the second day of July, 1860. And it is further agreed by said Tefft, that if said McNoah works for him until the second

·day of July, 1860, he will pay to said Edward Shepard the sum of three thousand dollars, being the amount loaned by said Shepard to said McNoah on the second day of July, 1855, and release the said McNoah from the said thirteen hundred dollars indebtedness which he has overdrawn at this date; or in case the said McNoah can make other arrangements to pay his indebtedness to said Shepard, and wishes to leave the employ of said Tefft to engage in other business, it is hereby agreed he may do so; said Tefft paying him at the rate and manner first mentioned in this instrument."

The plaintiff averred that, in pursuance of the terms and conditions of this agreement, he entered into the employment of the defendant, and continued therein until the said second day of July, 1860, and while so in the employment of defendant, he fully and in good faith performed on his part all the terms and conditions of said memorandum of agreement. And further that the defendant has never paid, nor has any one on his behalf ever paid, to the said Edward Shepard or to the plaintiff, the said sum of three thousand dollars or any part thereof. By reason of which premises an action had accrued to the plaintiff, to demand and have of defendant the sum of three thousand dollars and interest thereon,· as mentioned in said memorandum of agreement.

Besides the special count on this agreement, the common counts were also added, to which defendant pleaded the general issue, and demurred to the special count.

The court overruled the demurrer, and the defendant then filed the following paper:

"And now comes the said defendant, by Walker & Russell, his attorneys, and excepts to the order heretofore entered in this cause overruling his said demurrer to said special count, and prays leave to plead issuably thereto, without terms."

The court denied this prayer, but ordered that defendant

have leave to plead issuably to said count instanter, upon the terms of going to trial at the then present term, when the cause was reached on the docket.

The defendant filed his exceptions to the denial of his prayer for leave to plead, and then pleaded the general issue to the special count, and the parties proceeded to trial.

William A. Moore, a witness for plaintiff, testified, that he called upon the defendant about the middle of July, 1860, in reference to the said claim: that at one time witness had the agreement sued upon with him, and showed it to the defendant: that defendant offered to pay said claim in a small account, and money, amounting in all to the sum of $500, down, and the balance he would pay in quarterly payments of $500 each and interest: that defendant never made any objection to the sum claimed to be due, to wit, $3,000; nor claimed any deduction or set off, except the small account above referred to. The only thing defendant desired, was time; that witness offered to take the sum of $500 down, in manner offered by defendant, and the balance in two payments of $1,250 each, with interest in three and six months, which offer defendant declined; that no other sum than the sum of $3,000 was spoken of between witness and defendant; that witness was acting as the attorney of both plaintiff and Shepard.

The plaintiff then offered one Maginn as a witness, to show performance by plaintiff according to the terms of the agreement.

The defendant objected, upon the ground that the bill of particulars of the plaintiff's claim under his declaration, was as follows:

"Please take notice that the memorandum of agreement declared upon and set forth in the plaintiff's declaration, is the only cause of action of the plaintiff against the defendant."

And that the testimony of said Maginn would go to

establish a claim for work done under the common counts. But the court admitted the evidence, and the defendant excepted.

Maginn then testified that said plaintiff worked from the date of, and as required by, said agreement, till November, 1860, for defendant.

Plaintiff then proved an assignment of the agreement, by plaintiff to Shepard, and rested.

The defendant asked the court to charge the jury:

*First:* The plaintiff can not recover, because he has neither alleged nor proved that McNoah was indebted to Shepard in $3,000, or any sum whatever.

*Second:* The plaintiff can not recover, because he has not alleged or proved that he voluntarily, or under compulsory process of law, paid said $3,000 to Shepard prior to the commencement of the suit.

*Third:* The plaintiff can not recover, because said suit should have been brought by Shepard.

*Fourth:* The evidence of the witness Wm. A. Moore, tending to show a promise by defendant to Shepard, should not be regarded by the jury, because there is no allegation in the] declaration of any privity of contract between defendant and Shepard, and because Shepard is not plaintiff.

*Fifth:* Plaintiff can claim and recover only $1,300 at most, because the entire consideration of defendant's agreement appears upon the face thereof; and it appears that there was no consideration for the agreement to pay $1,-700, and because there is no evidence of a release by McNoah of his interest in the copartnership property of Tefft & McNoah.

All which requests were denied, and exception taken. The plaintiff had judgment.

*Walker & Russell,* for plaintiff in error.

*W. A. Moore* (who was not heard), for defendant in error.

TEFFT *v.* McNOAH.

MANNING J.:

On overruling a demurrer to a declaration, judgment goes for the plaintiff, unless leave is given to defendant to plead; which is usually done on the payment of costs when the demurrer has been put in in good faith. The court may attach such conditions to the order as the circumstances of the case, and justice between the parties, may require. The order and the conditions on which it is granted are in the sound discretion of the court, and can not be reviewed on a writ of error.

The action is properly brought in the name of McNoah for the use of Shepard. Moore's testimony does not prove or tend to prove a promise made by Tefft to Shepard, to pay him the $3,000, or any other sum. It was not introduced for that purpose, but to prove Tefft's admission that $3,000 were due on the written contract. By the bill of particulars plaintiff's action was confined to the written instrument. He could show no cause of action outside of it. Maginn's testimony went beyond the written contract, in so far as he testified to McNoah's continuance in the employment of Tefft after the second of July, 1860, and from that day until November following. But there was no error in this, because no claim was made by plaintiff for McNoah's services: the only object of plaintiff being to prove by the witness that McNoah had continued in the employ of Tefft, from the date of the written contract until the 2d, July, 1860, as the agreement required he should, to increase the amount to be paid to Shepard on the second of July, 1860, from $1,-700 to $3,000. This was the sole object of the testimony.

Nor was it necessary for plaintiff to show that McNoah was indebted to Shepard in the sum of $3,000, as contended on the argument; and if it was, we think it clearly appeared from the written agreement itself. The undertaking on the part of Tefft was to pay Shepard $1,700 on a certain day unconditionally; and in case McNoah remained

in his employment up to that day, then to pay Shepard the full sum of $3,000.

The judgment must be affirmed with costs.

The other Justices concurred.