# APRIL TERM, 1869, AT DETROIT.

## James Pearsons v. Caleb Eaton.

*Replevin: Non-suit: Assessment of value of property: Jury.* Where a defendant in Replevin recovers judgment by nonsuit, or discontinuance, and elects to take judgment for the value of the property taken, and subsequently under a notice of trial, has the *value* of such property assessed by the court without a jury.
   *Held*, competent (*Sess. Laws, 1865, p. 325*). The intervention of a jury is required only where *damages* are sought to be assessed.—*2 Comp. L. 5037.*

*Writ of Error: What acts of Circuit Court reviewable.* The only decisions of a Circuit Court in civil cases which are reviewable upon Writ of Error, are such as arise upon the record, or such as are made the ground of exceptions upon the trial, and become a part of the record by Bill of Exceptions.
   There is no jurisdiction in this court to review all acts of a Circuit Court. Some things are entirely matters of discretion; and those which do not rest in discretion, but yet form no part of the regular record, can only be reached by some other form of writ, and not by writ of error.

*Heard January 8th. Decided April 13th.*

Error to Washtenaw Circuit.

This was an action of Replevin to recover the possession of certain personal property.

After filing a declaration in the cause, and after several continuances and notices of trial, the plaintiff below entered the default of defendant for want of a plea, and subsequently moved to strike the case from the docket for the same reason.

The Court below ruled that both parties having treated the cause as at issue, it was too late for the plaintiff to deny the fact.

Subsequently, on motion of defendant's counsel, it was ordered that the plea of the general issue be filed *nunc pro tunc* (the files having been lost).

The case was thereupon noticed for trial. The plaintiff was duly called and nonsuited, and the defendant having waived a judgment for the return of the property, took judgment for the value thereof, and his costs to be taxed.

On motion of plaintiffs counsel, ten days were given to move to set aside the non-suit, or settle a bill of exceptions.

The judgment was afterwards vacated on payment by plaintiff of defendant's costs, to be taxed.

Subsequently, on motion of defendant, it appearing that said costs had not been paid, the order vacating said judgment of non-suit was set aside.

*Norris & Uhl*, for plaintiff in error.

*Joslin & Blodgett*, for defendant in error.

GRAVES J.

Error is assigned in this case upon four grounds, namely:

First: That the Court made an order on the 20th of January, 1868, reciting the loss of the files, and allowing the plea of the general issue to be filed on the exparte motion of the defendant in error.

Second: In giving judgment of non-suit when default for want of a plea had been theretofore regularly taken of record, and never opened or set aside, and when no plea had been legally filed or served.

Third: In the assessment of damages and,

Fourth: In vacating the order setting aside the judgment of non-suit and restoring that judgment.

The counsel for the plaintiff in error, in supporting the third assignment of error, contended that the judgment showed that the case was noticed for "trial" and not for assessment of damages, and then argued that the statute required the assessment of "damages" in actions of replevin to be made by a jury upon a notice of fourteen days.

The counsel inadvertently overlooked the statute applicable to this case, and under which the Court was acting in forming judgment.

It is true, that the judgment recites a notice of "trial," but it is equally true that no damages were assessed. The defendant in replevin elected to take judgment for the value of the property taken upon the writ, and it was the value of the property that was assessed, and not damages. This

was fully authorized by § *5038 Comp. L.* as amended in 1865.—(*Sess. L. 1865, p. 325.*)

The other questions which were argued at the bar, we think are not properly before us upon this writ of error, and we therefore decline to discuss them.

In general there are questions in the progress of a cause in the Circuit Court, which from their nature, cannot be re-examined in any form, while there may be others reviewable here on writ of error, and others still properly re-examinable, but in some other manner. It may not be easy in every instance to distinguish between questions belonging to these different classes, but we are satisfied that those here presented cannot be reviewed in this way without disregarding the settled course of decision in the common law courts. We are therefore of opinion that as no error has been shown, the judgment of the court below must be affirmed, with costs.

The other Justices concurred.