### Isaac Altman v. Abraham Wheeler et al.

*Trial before referee: Bill of exceptions: Special assignments of error.* Where exceptions are taken on a trial before a referee, the bill of exceptions, when settled, performs the same offices for the purposes of a writ of error, as a bill settled by the Circuit Judge, when the case is heard in open Court. All the reasons requiring special assignments of error in one case apply equally to the other.

*What is a special assignment of error?* Exceptions were taken on a trial before the referee, and a bill of exceptions was duly settled. When the referee had filed his report, exceptions were also taken to that, and upon these and the bill of exceptions a motion was made to set aside the report. The Court denied the motion, and the report was confirmed. The party then brought error, and assigned for error that "the Court overruled the motion to set aside the report of the referee, and confirmed the same."

*Held*, that this was not a special assignment of error, within the meaning of of rule 12, and therefore could not be considered.

*Heard April 13th. Decided April 20th.*

Error to Lenawee Circuit.

This was an action of trover for an alleged conversion of certain furs.

The case was referred by consent. The referee reported against the plaintiff below. Certain exceptions were taken to

the report of the referee and the action of the court, all of which, with the errors assigned, are stated in the opinion.

*A. L. Millard,* for plaintiff in error.

*Andrew Howell,* and *C. A. Stacy,* for defendant in error.

1. There is in fact no special assignment of errors in this case as required by the rule.—*Supreme Court Rules, No. 12; 7 Mich. 374.*

The general assignment, that judgment should have been given for the plaintiff in error instead of for defendant in error, is invalid, and will authorize no action by the court.—*9 Mich. 250; 3 Mich. 77, 83; 7 Ind. 580; 1 Kernan, 416.*

2. The first assignment of error is just as general as the second. The principle of the above decisions, it seems to us must hold that this is just as general, and no more a special assignment of error than the other.

COOLEY CH. J.

This was an action of trover, which, in the court below, was sent to a referee, before whom the parties appeared and put in their evidence, the plaintiff taking several exceptions to the admission of evidence which were embodied in a bill of exceptions settled in due form.

The referee made his report to the Circuit Court, setting forth at length his conclusions of fact, and his deductions of law that the plaintiff on such facts was not entitled to judgment.

The plaintiff filed exceptions to this report, and upon these exceptions and the bill of exceptions, moved the Court to set aside the report. The Court denied the motion, and rendered final judgment in favor of the defendant. The plaintiff thereupon brings error and assigns for error, *first,* that the Circuit Court overruled the motion of the counsel for the plaintiff to set aside the report of the ref-

eree and confirmed such report, and *second*, that the judgment was given for the defendants against the plaintiff, when, by the law of the land, it ought to have been given for the plaintiff against the defendants.

Rule twelve of this court requires all assignments of error to be special, and it is not claimed by the plaintiff that the second assignment of errors complies with this rule, or can be of any avail to him in this case. The first assignment he claims is sufficient, because it is based upon the only order of the court below of which he complains.

The rule requiring special assignments of error has for its object the apprising the opposite party of the grounds of complaint in the proceedings of the court below, that he may prepare to meet them in argument, or to obviate them if they relate to errors or imperfections which can be cured before argument by amendment or otherwise.

This purpose is not accomplished by any assignment so general in form as to cover the whole record, and relate to numerous objections which may appear to have been taken in the course of the proceedings, without pointing out any one or more of them on which the party will rely. Such an assignment is calculated to leave the opposite party wholly in the dark as to the point he will have to meet, and he may find on the argument that his conjectures on the subject have been entirely at fault.

The Court, too, will be compelled to wade through the record in search of objections which may be supposed to be obscurely indicated in some portion of it, but to which their attention is not distinctly called by the allegations of error. And there is always more or less danger of mistaking the real points in the case; while the record will never, with sufficient certainty, indicate them, if it should afterwards become important to inquire what they were.

In the present case, it was competent for the party to assign error upon any one of the exceptions taken before the referee; and if he had relied on any one of them, it

was as much his duty to do so as if the bill of exceptions had been one settled by the Circuit Judge in a trial before him.

The bill of exceptions, under the statute, performs the same offices for the purposes of a writ of error as a bill settled by the Circuit Judge, when the case is heard in open court. And all the reasons which require a special assignment of error in the one case, are applicable with the same force in the other. The plaintiff might also have assigned error upon the overruling of each of his exceptions to the conclusions of the referee, provided they were aimed at such conclusions as were the subject of exception.

He has chosen, however, to assign only a general error to the action of the court in overruling his motion to set aside the report; a motion which covered the whole case. So that the first assignment of error has no greater definiteness in pointing out the error to be considered than has the second which is conceded to be too general. The defendant could not know whether the plaintiff would rely in this court upon some ruling of the referee upon a question put to a witness while on the stand before him, or upon some exception to the report of the referee, which the court concluded was not well taken.

The assignment of errors is so framed as to blend together the whole action of the referee and the Circuit Judge, and was evidently designed to give to the plaintiff the benefit of any fault that could be discovered in any portion of the proceedings; and it would be difficult to imagine a case more distinctly within the mischief designed to be remedied by our twelfth rule.

We are therefore of opinion that we cannot consider the errors insisted upon in the argument, and that the judgment must be affirmed, with costs.

CHRISTIANCY and GRAVES JJ. concurred.

CAMPBELL J.

I should not dissent from the opinion of the majority of the court on a question of practice, if it did not involve the denial of any right of hearing to a party who has, as I think, in no respect deviated from any of our rules.

The errors which our rules require to be assigned are the errors supposed to have been committed by the Circuit Court. Where a case has been tried in that court, and the judge has made or refused rulings, each refusal or ruling complained of must be excepted to separately, and, if wrong, each is in fact a distinct error independent of the rest. In assigning errors of this sort, they may be assigned one by one, or, as held in *Niles v. Rhodes, 7 Mich. 374*, they may be included in a single assignment, which, in that case, was that the judge " gave the several instructions to the jury asked for by the defendant, and refused to give the several instructions, or any or either of them asked for by the plaintiffs." It would be difficult to make an assignment more sweeping, and yet it was rightly regarded by the court as a full compliance with the rule.

There is another class of cases wherein the Circuit Court, instead of trying the cause, simply reviews proceedings had before some other officer or tribunal, and determines upon the correctness of his rulings and findings. Thus a *certiorari* lies to a justice, and the errors complained of in his action are set forth in the affidavit. If the Circuit Court entirely affirms or entirely reverses his action, instead of assigning separate errors upon the points raised before the justice, the assignment is single, and complains of the single ruling of the Circuit Court in affirming or reversing the judgment. · In *Berry v. Lowe, 10 Mich. 9*, where the affirmance was only partial, the error assigned was " that the Circuit Court ·erred in holding that the justice's judgment was erroneous in the several causes of error assigned in the

affidavit for *certiorari*," and this was held to be the correct form. As the Circuit Court there reversed the judgment below as to a part, and affirmed it as to a part, this was not technically true, for the court did not hold the judgment erroneous for all the causes in the affidavit, but allowed one of those causes to prevail. But this court held the assignment good, and declared that the correct practice here was to argue the case upon all the points raised by the affidavit, whether allowed or disallowed below, although only one party had complained, and although the judgment had been partially in his favor.

In these cases, as in such as we now have presented to us, the Circuit Court makes but a single ruling, and that comes up as an entirety. Its finding cannot be severed or divided up into its elements. The error consists in that one conclusion, and the assignment which complains of that is as accurate and as specific as an error assigned on any other single ruling. The principles of law involved in the rejection of a piece of testimony, or in ruling that there is no evidence to warrant a recovery, may be numerous and complex, but the exception is made and the error is assigned on the single ruling, and not on the varied legal propositions. The power of the Circuit Court in regard to the reports of referees is identical with its power on *certiorari*, except that it may order a new trial of a referred case. But in both classes of cases it can confirm or reverse the conclusion of the inferior officer, in whole or in part, and in regard to either its judgment is alike single. If complained of in this court, it is because the objections to the proceedings were allowed or disallowed, and in both classes of proceedings, those objections are set forth in the record for the information of the Circuit Court, and come up before us on the same papers and require no further recital. We cannot do anything more or less than decide whether, on those papers, the Circuit Court decided correctly. We must go over precisely the same ground which

that court had to traverse, whatever may be the form of the assignment, and the sole question we are to answer is, not whether this or that objection was well founded, but whether the judgment of the Circuit Court was correct upon the record presented there. If any court could review our judgment in this case, there could be no new question raised, and our written opinions would form no part of the record. They might affirm our conclusions, and yet disaffirm our reasons, and so might we do with proceedings from the circuit. The correctness of the conclusion is the only material question, and I think the only error that can be assigned, must be upon that one act of the court below. We have no knowledge of anything else which the judge may have done or said, and no means of obtaining any, as no exceptions ever lie where the decision is to be rendered on a written case, sent up for review or approval from a referee.

It seems to me, that any further assignment, instead of being more accurate, would be a direct departure from the record.

If this were a case permitting a more full assignment, I think it an unnecessarily technical practice to put a party out of court, when there neither is, nor reasonably can be, any misapprehension. The only result will be, I fear, to encourage a refinement of practice which, in a court of last resort, is not to be desired. Where the assignment points out enough to indicate the real controversy, the cases already cited dispense with repetitions which are really useless. This is the true reason why errors are not assigned on *certiorari*.

It would not be proper to discuss the main questions in this case, since the majority of the court consider them not open to examination upon the assignment. I therefore express no opinion upon them.