## Jacob A. Polhemus v. The Ann Arbor Savings Bank.

*Practice in supreme court : Noticing for hearing.*    The fact that the bill of exceptions has been removed from the files for amendment by order of the court, and that the amendments are not completed nor the bill of exceptions returned, does not prevent noticing the case for hearing.

*Assignments of error.*    Assignments of error must be specific.    *Altman v. Wheeler, 18 Mich., 240,* cited and approved.

*Promissory notes : Consideration : Defense : Bona fide purchaser.*    It is not error for the court in a cause tried without a jury to "refuse to permit a defendant to inquire into the consideration" of the note sued upon "and to contest the note in respect to the consideration thereof," where the evidence is direct and clear and uncontradicted, that the plaintiff is a *bona fide* purchaser.
Whether a decision of this character, made on a trial by the court without a jury, would be reversed where the evidence was conflicting :— *Quære ?*

*Promissory notes : Pleadings : Execution : Genuineness : Affidavit.*    A defendant who has failed to file an affidavit denying the genuineness of the note set out in the declaration is precluded by circuit court rule 79 from showing that the note, as described and as produced in evidence, was not as he executed it, and a ruling to that effect is not error.

*Practice in circuit courts : Plea : Amendment : Affidavit.*    The court has power in its discretion to allow a defendant to amend his plea by putting in an affidavit denying the execution of the note declared upon.

POLHEMUS *v.* ANN ARBOR SAVINGS BANK.

*Practice in supreme court: Discretion: Practice questions.* The refusal of the court to grant a motion for leave to make such an amendment will not be reviewed on error, although the ground of the refusal was the mistaken one of a lack of power; a review in an appellate tribunal of such practice questions is objectionable upon grounds of general utility and practical necessity; but further than that the real subject of complaint is the final result and not the reason which led to it, and a correct ruling will not be reversed because it was based upon a wrong reason.

*Heard January 15. Decided April 15.*

Plaintiff in error moved to strike the case from the docket as improperly noticed for hearing for the reason that it was not in a condition to be noticed.

The bill of exceptions was removed from the files for amendment by order of the court by consent at the October term; and the amendments were not completed and the bill of exceptions had not been returned when the notice of hearing was served.

*Lawrence & Frazer,* for the motion.

*C. D. Coleman, contra.*

THE COURT held that the case was still in this court notwithstanding the removal of the bill of exceptions for amendment, and was subject to be noticed for hearing.

Motion denied, with costs.

---

Error to Washtenaw Circuit.

The sixth, seventh, eighth, and ninth assignments of error referred to in the opinion were as follows:

" 6. The said circuit court erred in each of its rulings and decisions shown by the bill of exceptions in this cause, rejecting each matter of evidence which was offered to be proved on the part of said Polhemus, and rejected by said circuit court, to which exception was taken on the part of said Polhemus, as shown by the said bill of exceptions, assigning error on each of said rulings and decisions separately.

" 7. The said circuit court erred in each of its rulings and decisions overruling each of the objections made on the part of said Polhemus to the reception of evidence offered on the part of said bank, which was received in evidence and excepted to on the part of said Polhemus, as shown by said bill of exceptions.

" 8. The said circuit court erred in each of its decisions excepted to as shown by said bill of exceptions.

" 9. The said circuit court erred in giving the judgment shown by the record in this cause."

*Lawrence & Frazer* and *H. J. Beakes,* for plaintiff in error.

*C. D. Coleman,* for defendant in error.

GRAVES, J.

This is a writ of error to the circuit court for the county of Washtenaw.

The bank sued the plaintiff in error in assumpsit, and the declaration by which the suit was commenced counted specially on a note alleged to be of the following tenor:

"CANTON, March 4, 1870.

" Eighteen months after date, I promise to pay to the order of Ja. A. Saxton, in Ex. on New York, thirty-two hundred twenty-three dollars, at Miller & Webster's Bank, Ann Arbor, Michigan, with 7 per cent. interest from Feb. 18, 1870.

"J. A. POLHEMUS."

Endorsed, "JA. A. SAXTON."

The money counts were also added, together with a copy of the note and endorsement.

The declaration was filed in December, 1871, and on the 22d of January following the plaintiff in error pleaded the general issue, accompanied by a notice that he would defend upon several grounds none of which, however, indicated that the note set up was not genuine, and no affidavit was

made on the subject.    In July, 1872, the cause was tried
on these pleadings, by the court without a jury, and judg-
ment was given in general form in favor of the bank.

Several errors are assigned, but the sixth, seventh, eighth
and ninth are clearly insufficient under the rule requiring
assignments of error to be special, and the observations of
my brother Cooley in *Altman v. Wheeler, 18 Mich., 240,*
are so strictly applicable as to make further comment
unnecessary.    We may add, however, that on an inspection
of the record we fail to discover satisfactory ground for
any objection apparently hinted at by these assignments.

The fourth assignment maintains that the "court erred
in refusing to permit the said Polhemus to inquire into
the consideration of said note and to contest said note in
respect to the consideration thereof."    Without pausing to
criticise the form of this assignment in its bearing upon
the return to the writ of error, it is sufficient to say that
the defense shadowed forth in the record was not available
against the bank.    No right to such defense existed if the
bank became the holder of the note in good faith and for
value, and the evidence upon this point was not only direct
and clear in favor of the bank, but unopposed, so far as
we discover, by any thing proved or offered of a contrary ten-
dency.    The court sitting without a jury and bound to pass
upon the facts as well as the law, ruled that the bank
became the holder in good faith and for value, and exclud-
ed the defense.    We see nothing to impugn the correct-
ness of this action of the court.

Whether we should be authorized to re-examine a deci-
sion of this character, made during the trial by the court
when exercising the functions of both court and jury, and
deciding the facts as well as the law, if the evidence relating
to the point should be seen to have been *conflicting,* is a
question we have no occasion to consider, and do not deter-
mine.

The plaintiff in error further complains because he was
not allowed to show that the note, as described in the

declaration and as produced in evidence, was not as he exe-
cuted it.

The record effectually answers this objection.   The case
was being tried without any affidavit questioning the gen-
uineness or identity of the instrument.   As a consequence
it stood admitted by the record that the note was given
substantially in the form specified in the declaration, and
this admission the plaintiff in error was not at liberty to
contradict.   A material · variance between the contract as
pleaded and as shown in the evidence would of course have
raised a point available to him.

The objections which seem to be chiefly relied on relate
to and grow out of the action of the court upon an appli-
cation by the plaintiff in error for leave to amend by put-
ting in an affidavit denying the execution of the note.

The return to the writ of error embraces a bill of excep-
tions, and we also find included, this motion, the affidavits
and exhibits connected with it, and the decision of the court
in denying it.   These proceedings are also embodied in the bill
of exceptions.   The motion appears to have been made some
four months after the plea, and to have been decided about
six weeks after it was made.   In passing upon it the court
declared that it had no power to grant it, and therefore
refused it without considering the merits, and the plaintiff
in error excepted.

We think the court misapprehended the meaning of the
rule in supposing a lack of power to grant or refuse the mo-
tion according to its view of the real merits of the application.
The rule as framed was intended to leave a discretionary
authority to be exercised as the justice of particular cases
should require, so that parties could be let in after pleading,
upon good cause.   The motion, then, was really an appeal to
the discretionary power of the court below, and might have
been granted or denied upon the merits in the exercise of that
power.   If the court had acted upon that view, if it had
denied the motion upon the merits, instead of doing so
upon the ground that it lacked power to grant it, then

according to the established course in this state and that gen-ally prevailing elsewhere, the ruling could not have been reviewed upon writ of error. Can the ground on which the court placed the denial of the motion, be so separated from the denial itself as to present a case entitled to review on writ of error when otherwise none would exist?

We think not. In the first place it may be observed that if the motion itself and the decision made upon it are regularly before us as constituents of the record, the affida-vits and exhibits connected with it are necessarily before us also; and we are therefore in a situation to ascertain what it would be our duty to ascertain, whether the court in denying the motion upon the mistaken ground of a lack of power in the abstract to grant it, committed a fault which in legal contemplation was prejudicial to the plaintiff in error. Now these papers cannot be read without seeing that the fate of the motion must have been just the same if the court had decided on the merits. The plaintiff in error was consequently not prejudiced by the erroneous reason given for the denial of his motion. But we think the ruling upon the motion, on whatever ground placed, is not one properly open to review upon writ of error.

The rules devised for judicial investigations are undoubt-edly aimed to promote the ends of justice, but they are necessarily subject to those infirmities which beset all human regulations. They cannot be so nicely contrived or so multiplied as to meet all necessities, or to operate always according to the exact purpose of their institution. A perfect system would supply a definite and unmistakable rule in advance, applicable to every contingency, and would leave nothing to discretionary action. But every day's experience teaches that such degree of perfection is unat-tainable. We know that the litigation carried on in courts involves a class of questions not amenable to any unbend-ing pre-ordained rule, and that many, if not most of these questions, could not be specifically or definitely provided for beforehand by absolute regulations without making our

27 MICH.—7.

system so cumbrous and complicated as to be incapable of being carried out. These matters must, therefore, be settled as they arise, by the tribunal in which they occur, according to the dictates of sound judicial discretion. The law, upon grounds of public policy and general utility, commonly allows a re-examination of such matters in some form and at some stage in the *same* tribunal, but on the same grounds, generally *disallows* a revision elsewhere. The welfare of society requires, of course, that there should be given reasonable opportunity for the hearing and decision of questions. But it likewise requires that limits should be set to litigation, and of this the law has taken clear notice in one of its settled maxims, and in many other ways.

It has also taken notice that there are questions which cannot be made the subject of review in an appellate court without derogating from the independence and authority due to the tribunal where they arise; and others still, which from their nature cannot be intelligently and safely re-examined except in the court where they originate.

But in addition to these, there has always been a mass of practice questions which the law, upon grounds of general utility and practical necessity, has considered as not properly appealable to another tribunal. It has been wisely deemed that permission to litigants to carry cases up for review upon each and every of the points ruled in matters of practice and routine, would well nigh make litigation endless, and instead of favoring justice would promote injustice. Passing from these general and somewhat trite observations to the actual case before us, we observe that the true subject of complaint by the plaintiff in error on this record, is the *final result* of his motion and not the peculiar view of the court which led to it.—*McCluny v. Silliman, 6 Wheat., 598; United States v. Buford, 3 Pet., 12; Davis v. Packard, 6 Pet., 41; Corning v. Troy Iron & Nail Factory, 15 How., 451; Sturgis v. Clough, 1 Wall., 269.*

If the motion had been granted in disregard of the

merits, on the mistaken supposition that some rule impera-
tively required it to be granted on being asked for, no one
would imagine that the erroneous reason could be distin-
guished from the actual determination so as to serve as a
distinct ground of error for the plaintiff in error, and if a
wrong reason for a favorable decision could not be thus
separated and distinguished from the actual result, it is not
perceived how a wrong reason for an unfavorable one can be.

The objection, then, must be considered as founded on
the refusal of the motion, and not on the motive which
led to that refusal, and considered in that light it seems
manifest, according to the uniform course of decision, that
the proceeding was one belonging to the practice and dis-
cretionary authority of the court below, not regularly re-ex-
aminable on writ of error, and certainly not when not
shown to have been decided in clear opposition to the
merits.—*Detroit v. Jackson, 1 Doug., 106; Millerd v.
Reeves, 1 Mich., 107; Lee v. Hardgrave, 3 Mich., 77; Bourke
v. James, 4 Mich., 336; Holbrook v. Cook, 5 Mich., 225;
Chaffee v. Soldan, ib. 242; Crippen v. People, 8 Mich.,
117; Tefft v. McNoah, 9 Mich., 201; Ripley v. Davis, 15
Mich., 75; Pearsons v. Eaton, 18 Mich., 79; Final v.
Backus, ib. 218; 2 Abbott's U. S. Prac., 230, and notes.*

If the granting or refusing of an interlocutory motion
can be so worked into the record as to authorize error to
be assigned on it, by a mere statement in the decision
like that made by the court below in this instance, then
the common-law composition of the record and the gene-
rally admitted scope of a writ of error can be entirely
changed by what in time will become a mere form, and the
whole swarm of rulings upon pure practice questions and
on points rightly and strictly depending on mere judicial
discretion will be brought here for review.   But we are
satisfied that no such jurisdiction is conferred or ought
to be.

This disposes of all the assignments of error, and, as a consequence, of the case.

The judgment should be affirmed, with costs.

CAMPBELL, J., and CHRISTIANCY, CH. J., concurred.

COOLEY, J., did not sit in this case.