JAMES MCALLISTER v. GEORGE S. ENGLE, WILBER T. DRURY AND EZRA A. ENGLE.

*Omnibus exceptions— Withholding commissions—Duress.*

1. A general exception "to the charge of the court as given and to each and every part thereof" is not definite enough; the errors objected to must be specifically brought to the attention of the trial judge before the verdict is rendered so that he can have an opportunity to correct them.

2. In an action by a borrower to recover from a loan agent the amount of commissions which the latter had withheld on delivering the money, the plaintiff was entitled to show how defendant obtained the receipt which he gave for the money, and that he gave it under protest.

3. A receipt or acknowledgment of payment is not conclusive evidence of the fact.

4. A borrower went to a loan agent of an insurance company for money but afterwards negotiated the loan himself, dealing with the company personally and by letter. The money went to him through the hands of the loan agent, who insisted on retaining part of it for his services, and compelled the borrower to give a receipt showing a settlement in full. *Held*, that in a suit by the borrower against the loan agent for the amount withheld, it was proper to introduce the letters and to show what passed between the parties when the receipt was extorted.

Error to Huron.   (Wixson, J.)   Oct. 4.—Dec. 20.

Assumpsit.   Plaintiffs brings error.   Affirmed.

*Engle & Engle* for appellants.   Threats to do that which one has not the legal right to do cannot effect duress: *Skeate v. Beale* 11 Ad. & El. 983; *Preston v. Boston* 12 Pick. 14; *Hackley v. Headley* 45 Mich. 576; *Wilcox v. Howland* 23 Pick. 167; *Atlee v. Backhouse* 3 M. & W. 633; *Hall v. Shultz* 4 Johns. 240; *Silliman v. United States* 101 U. S. 465; such as withholding payment of a debt or refusing performance of a contract. *Miller v. Miller* 68 Penn. St. 486; or to deliver goods: *Hibbard v. Mills* 46 Vt. 243; or to withhold a man's property illegally; *Hazelrigg v. Donaldson* 2 Metc. (Ky.) 445; but see *Thurman v. Burt* 53 Ill. 129; one cannot avoid a receipt in full which he has given in order to obtain money due him of which he stood in great need: *Miller v. Coates* 4 Thomp. & C. (N.Y.) 429; colloquium or pourparler between parties in obtaining a receipt are inadmissible in impeaching the receipt: *Fitch v. Woodruff Iron Works* 29 Conn. 82; *Jungerman v. Bovee* 19 Cal. 354; *Howard v. Thomas* 12 Ohio St. 201; *Downie v. White* 12 Wis. 176; *Rennell v. Kimball* 5 Allen 356; *Forbes v. Waller* 25 N. Y. 430; *Oiler v. Bodkey* 17 Ind. 600; *Robinson v. Magarity* 28 Ill. 423; *Morrison v. Lovejoy* 6 Minn. 319; a recital in a receipt of a contract or agreement, or an acknowledgment, is not open to contradiction or explanation as in the case of a simple receipt: *Tisloe v. Graeter* 1 Blackf. 353; *Egleston v. Knickerbacker* 6 Barb. 458; *Smith v. Brown* 3 Hawks 580; *May v. Babcock* 4 Ohio 334; *Stone v. Vance* 6 Ham. (Ohio) 246; *Wood v. Perry* Wright (Ohio) 240; *Graves v. Harwood* 9 Barb. 477; *Wayland v. Mosley* 5 Ala. 430; *O'Brien v. Gilchrist* 34 Me. 554.

*Winsor & Snover* and *William T. Mitchell* for appellee. All the circumstances of giving a receipt are admissible where its force is in question: 7 Wait's A. & D. 445–448; *Mich. C. R. R. Co. v. Dunham* 30 Mich. 128; a receipt in

full for logs to date may be contradicted by parol: *Smith v. Schulenberg* 34 Wis. 41; so can a receipt for services: *Foster v. Newbaugh* 66 Barb. 645; *Smith v. Holland* 61 N. Y. 635; or a shipping receipt: *Dolan v. Freiburg* 4 W Va. 101; admissions contained in a receipt are not conclusive upon the party making them: *Nachtrieb v. Harmony Settlement* 3 Wall. Jr. 66; *Tierney v. N. Y. C. &c. R. R. Co.* 10 Hun 569.

SHERWOOD, J. The plaintiff brought his suit in assumpsit upon the common counts for two hundred and twenty-five dollars and interest thereon, and filed a bill of particulars. The defendants pleaded the general issue, and gave notice thereunder that the sum claimed by plaintiff was money belonging to them for services and expenses rendered and incurred by them in procuring a loan of $3000 for plaintiff from the Michigan Mutual Life Insurance Company, at Detroit, and that they held plaintiff's receipt for the money on a settlement made of the claim. No question is made upon the pleadings.

It appears from the record that the defendants were the attorneys for the company in Huron county and were authorized to negotiate loans for the company in that county and did what business was necessary to be done for the company in making papers, examining titles, making abstracts and perfecting securities. Some time previous to the month of September, 1880, the plaintiff desired to effect a loan, upon real estate securities, of $3000 and called at the office of defendants to learn their rates and was informed that they would be nine and one-half per cent. and plaintiff said he would take the money of the defendants if he could do no better. Plaintiff testified that at this time he did not know that the defendants were loaning money for the company or that such company was in existence.

The evidence tends further to show that sometime after this the plaintiff went to Detroit for the purpose of obtaining the money, and while there he mentioned the object of his visit to some party who was acquainted with said insur-

ance company, and he spoke to the cashier, who introduced the plaintiff to Mr. Liggett, secretary of the company. The plaintiff had with him an abstract of the property he wished to mortgage as security for the loan, and showed it to Mr. Liggett who informed him the company would let him have the money at eight per cent. interest payable semi-annually; that there were no commissions to pay, but the company would require an abstract certified to by defendant, for which the plaintiff would have to pay the usual professional fees. Liggett at the same time gave plaintiff a blank application for the loan, with an appraisal of the security attached. Plaintiff returned home, filled out the application and had the necessary appraisal made and an abstract by one of the defendants, and returned them to Mr. Liggett at Detroit. Plaintiff offered to pay Engle for signing the abstract but was informed by him that he charged nothing for that service.

When the application was perfected and the money ready Liggett placed the check for the money in Engle's hands at the company's office at Detroit, to be delivered to the plaintiff, and the mortgage to be recorded when signed. The next day after the plaintiff was informed of these facts, Mr. Drury, one of the defendants, went to the plaintiff's place and had the mortgage executed, and the check indorsed to George S. Engle, saying to plaintiff that it was the company's way of doing business, and appointed a day for plaintiff to go to Bad Axe, where the defendants had one of their offices, and receive his money. He took the notes and mortgage and the endorsed check away with him. On the day appointed plaintiff went to Bad Axe and called on defendants for his money. They then offered to him $2775 and claimed to retain the remaining $225 for their commissions in procuring the money.

The defendants further claimed that they made an agreement with the plaintiff by which he was to give them the $225 for negotiating the loan, and that they did obtain the money. The testimony of Mr. Liggett tended strongly to corroborate that of the plaintiff. Several letters passed

between the parties and the company relating to the loan, and these were introduced in evidence on the trial. On several of the most important questions the evidence of the parties was conflicting. The jury under the charge of the court gave verdict for the plaintiff. Defendants bring error.

The assignments of error from the fourteenth to the twenty-fifth, both inclusive, are not supported by any sufficient exception. The exception is as follows: "To which charge of the court as given, and each and every part thereof, the defendant then and there excepted." This Court has ruled in several cases that such an exception is too general, and we still adhere to that ruling. It is equally due to the circuit judge and the parties that errors claimed in the charge should be specifically called to the attention of the trial judge before the jury have rendered their verdict, that he may have the opportunity to correct such error if the exception is well taken. *Danielson v. Dyckman* 26 Mich. 169; *Mandigo v. Mandigo* 26 Mich. 351; *Tupper v. Kilduff* 26 Mich. 394; *McKay v. Evans* 48 Mich. 603; *Altman v. Wheeler* 18 Mich. 240; *Polhemus v. Ann Arbor Sav. Bank* 27 Mich. 44; *Baylis v. Stout* 49 Mich. 215.

The defendants claimed a settlement and receipt for the claim made by plaintiff as a full defense in the case. The manner of obtaining it and what was said by the parties was entirely proper, and the court committed no error in refusing to strike out the evidence of the protest under which it was given. The acknowledgment of payment was not conclusive.

We think that all the letters introduced in evidence by the plaintiff were properly received in connection with the other testimony. They tended to show to the jury that the plaintiff had his dealings for the money entirely with Mr. Liggett, the insurance company's secretary, and that defendants were acting for the company in what they did for the plaintiff; and they tended to show that by a species of duress the defendants sought to force or frighten the plain-

tiff into a settlement and the giving of the receipt relied upon by defendants as quite sufficient to defeat the plaintiff's action. These letters were a part of the res gestæ upon those points. They were competent testimony. And for the same reason the testimony excepted to under the defendants' third, fourth, fifth and sixth assignments of error was properly received. There was testimony in the case tending to show duress in the defendants' retaining the money and obtaining the receipt in the manner they did; and the court committed no error in refusing to give defendants' first, second, third, fourth, sixth and ninth requests to charge the jury. The charge of the court covered the entire ground of the defendants' fifth and ninth requests, and stated the law correctly.

The record in this case is very full. It shows a fair and impartial trial, and at the close of the testimony the case went to the jury under a clear, well-considered and correct charge by the circuit judge. The verdict was for the plaintiff. We are unable to discover any error in the proceedings, and

The judgment must be affirmed with costs.

The other Justices concurred.