EDWARD L. SHERMAN & another *vs.* CHARLES G. FITCH.*

The assignees of an insolvent debtor, who are in possession of personal property belonging to his estate, upon which he has given a mortgage the validity of which they deny, may maintain a bill in equity against the mortgagee to obtain a decree that the mortgage be given up and cancelled.

An instrument purporting throughout the body thereof to be a mortgage of personal property by a corporation, is not invalid as such because signed by the president only with his own name and title and sealed with his individual seal.

If the president, who is general manager of the business of a corporation, executes a mortgage of its personal property, without special authority therefor, but with the knowledge of all the members of the board of directors except one who is absent from the country, the concurrence, at the time, of those who remain here, or their long continued acquiescence afterwards, may make it valid as the act of the corporation.

Registration of a vote of the stockholders of a corporation ratifying a recorded mortgage of its personal property is not necessary to make the ratification effective.

BILL IN EQUITY filed by the assignees of the Northampton Street Sugar Refinery, an insolvent corporation, praying for a decree that a recorded mortgage of personal property held forth by the respondent as having been made to him by the corporation, might be declared void as having been made in violation of the insolvent law and as not being the deed of the corporation but of its president personally; and alleging that the respondent neglected to do anything under or by virtue of the mortgage for breach of condition or otherwise, and that a sale of the property by the assignees while the title to it should remain so in dispute would be detrimental to the creditors.

The mortgage began thus : " Know all men by these presents, that the Northampton Street Sugar Refinery " " have granted, bargained, and sold " to the respondent all the machinery in their sugar-house; " and the said Refinery, for themselves and their executors and administrators, do covenant to and with " the respondent "that they are lawfully possessed of the said property," " and that they will, and their executors and administrators

---

* This case was argued in March 1867. before BIGELOW, C. J., and HOAR, CHAPMAN, GRAY and FOSTER, JJ., on the question of jurisdiction raised by the demurrer ; and, in November, before all the judges except FOSTER, J., on the issue of the validity of the mortgage as a mortgage of the corporation.

shall, warrant and defend the same" to the respondent. The condition was that "the said Northampton Street Sugar Refinery, their executors or administrators," should pay to the respondent "the balance due him on the making up of his accounts with said Refinery;" and it was "provided also that until default by the said Northampton Street Sugar Refinery, their executors and administrators, in the performance of the condition" it should be lawful "for them" to keep possession of the property. And it concluded as follows: "In testimony whereof, I, the said          , have hereunto set my hand and seal, this nineteenth day of January, in the year of our Lord, one thousand eight hundred and sixty-five. Geo. R. Sampson, President of Northampton Street Sugar Refinery. [Seal.]"

The respondent demurred to the bill on the ground that the complainants had a plain, adequate and complete remedy at law; and the case was reserved by *Hoar*, J. for determination by the full court.

*G. H. Preston*, for the respondent.

*E. L. Sherman*, for the complainants.

Hoar, J. The case presented upon the demurrer is this. The complainants are the assignees of an insolvent corporation. The defendant holds an instrument purporting to be a mortgage of the personal property of the corporation, the validity of which is denied by the assignees, who desire to sell the property free from the incumbrance. The defendant has not taken possession, or in any way intermeddled with it, and the complainants seek by a bill in equity to obtain a decree that the mortgage be given up and cancelled. The ground of the demurrer is, that there is a plain, adequate and complete remedy at law.

We cannot see that the complainants, upon this state of facts, have any remedy at law. They have no cause of action against the defendant. They are in possession of the property, and he has not disturbed their possession. He might bring an action against them, but he does not choose to do it. In the mean time there is a cloud upon their title, which seriously affects its value. The mortgage is upon record, and it is evident that they cannot sell the property with any prospect of obtaining its fair

value, because the purchaser would know that he exposes himself to an action, if the defendant's claim is well founded.

The case of real estate is different, because the assignees might bring their writ of entry, and compel the defendant to maintain his title, or to disclaim. *Thayer* v. *Smith*, 9 Met. 469. *Woodman* v. *Saltonstall*, 7 Cush. 181. *Pratt* v. *Pond*, 5 Allen, 59. But when a title to real estate is claimed, against which there is no present remedy by action at law, a bill in equity may be maintained to set it aside. Thus, in *Hall* v. *Whiston*, 5 Allen, 126, the assignee of an insolvent debtor was allowed to bring a bill in equity to set aside an execution levied upon land in which the debtor owned a reversion. The same doctrine was affirmed in *Martin* v. *Graves*, 5 Allen, 601; in which the general rule is stated, that " whenever a deed or other instrument exists, which may be vexatiously or injuriously used against a party after the evidence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest, and he cannot immediately protect or maintain his right by any course of proceedings at law, a court of equity will afford relief by directing the instrument to be delivered up and cancelled, or by making any other decree which justice and the rights of the parties may require." 2 Story Eq. § 694.

This statement of the principle is precisely applicable to the case at bar. *Demurrer overruled.*

The respondent then filed an answer putting in issue the validity of the mortgage as a mortgage of the corporation ; and the case coming on again for hearing, before *Chapman,* J., was reserved for determination by the full court on facts agreed substantially as follows :

For some time prior to January 19, 1865, the respondent had been, and then was, selling agent of the corporation, which owed him about eighteen thousand dollars, to secure the payment of which by the corporation, George R. Sampson, who was president and a director, and was also manager of the manufacturing department, executed and delivered to him the instrument in question. At that date there were four directors (who were the

principal stockholders): Sampson; his son; a nephew; and one Tappan, who was in Europe. That was the full number of the board required by the by-laws, which also provided that " the board of directors shall manage and control the business, property and affairs of the corporation." The records of the corporation contained no express vote of either directors or stockholders authorizing the execution and delivery to the respondent of a mortgage on the corporate property; but the execution and delivery of the instrument was known to all the directors except Tappan, at the time thereof, " and was approved by them, provided their neglect to make any objection to the same can be construed as an approval." " Neither the corporation nor its directors ever repudiated said alleged mortgage," and on February 13, 1866, the stockholders voted " that all contracts, agreements, and other acts, of the president and directors of the corporation, be and the same are hereby ratified and confirmed." The instrument was recorded with the city clerk of Boston, June 10, 1865. On April 10, 1866, a warrant under the insolvent laws was issued against the corporation, and its property was assigned to the complainants on April 24.

*C. H. Drew*, for the complainants. 1. The deed is not the deed of the corporation. *Brinley* v. *Mann*, 2 Cush. 337. *Abbey* v. *Chase*, 6 Cush. 54. *Mussey* v. *Scott*, 7 Cush. 215. *Clark's Lessee* v. *Courtney*, 5 Pet. 350. The act of the president was not the execution of a power beyond the ordinary scope of his authority which might have been cured by ratification, but was only an attempt to give the creditor of the corporation a mortgage on its property, without accomplishing the object. Nothing passed by the deed, nor could any ratification make it anything else than the deed of the president alone.

2. There was no ratification sufficient to give it a validity which it did not have when executed. The vote of the corporation was not a ratification of any and all acts of the president. The evident intention was to ratify all contracts, agreements and similar acts of the president and board of directors acting together, which had not before been specially authorized and were not within the ordinary scope of their authority. Such

language cannot apply to the execution of a mortgage deed of all the property of the corporation by the president alone. The fact that the execution of the deed was known to some of the directors, even though they were principal stockholders, cannot be construed as a ratification, for it was beyond the power of the board to make such ratification even by express vote. The provision in the by-laws that the board of directors should manage and control the property of the corporation cannot be construed to give them power to mortgage or sell it.

3. Even if the vote of the corporation be held to apply to this act of the president, it can only be a ratification as between the parties to it. The complainants stand in the position of third parties. With reference to their rights, the mortgage must be taken as it stands on record, and cannot be affected by any subsequent act of the parties thereto not also a matter of record ; and any constructive ratification which might be considered to arise from the neglect of some of the directors to object to the act of the president could extend no further. *Bingham* v. *Jordan,* 1 Allen, 373.

*D. P. Kimball,* for the respondent.

WELLS, J. The question submitted to us is whether the instrument of which a copy is annexed to the plaintiff's bill is a valid mortgage of its property by the "Northampton Street Sugar Refinery." The instrument itself is incapable of any other construction than as the mortgage of the corporation. It names the corporation as the party making it; describes the machinery as upon the premises, and in the use and ownership of the corporation ; provides for payment by the corporation, and continued possession of the property until default. It is, upon its face, the contract of the corporation, and cannot be made the contract of Sampson by any form of signature whatever. *Kingman* v. *Kelsie,* 3 Cush. 339. *Jefts* v. *York,* 4 Cush. 371.

The signature " Geo. R. Sampson, President of the Northampton Street Sugar Refinery," is consistent with this construction, and, in form, is a good execution by the corporation of a simple contract. *Fay* v. *Noble,* 12 Cush. 1. Sampson's seal affixed does not make the instrument his contract ; neither does it make

it any the less the contract of the corporation. *Abbey* v. *Chase,* 6 Cush. 54. *Tapley* v. *Butterfield,* 1 Met. 515. *Milton* v. *Mosher,* 7 Met. 244. If a seal were essential to the validity of the mortgage, it would fail, for the same reasons. If the construction were doubtful upon the face of the instrument, the doubt might be resolved by ascertaining with whose seal it had been executed. But no such conditions exist here. No seal was necessary. As a sealed instrument it could not be construed as the contract of either Sampson or the corporation. But if the seal be disregarded, as it may be, the contract will operate as it was clearly intended, as the mortgage of the corporation.

The remaining consideration relates to the authority of Sampson to execute the mortgage in behalf of the corporation. It is not necessary that the authority should be given by a formal vote. Such an act by the president and general manager of the business of the corporation, with the knowledge and concurrence of the directors, or with their subsequent and long continued acquiescence, may properly be regarded as the act of the corporation. Authority in the agent of a corporation may be inferred from the conduct of its officers, or from their knowledge and neglect to make objection, as well as in the case of individuals. *Emmons* v. *Providence Hat Manufacturing Co.* 12 Mass. 237. *Melledge* v. *Boston Iron Co.* 5 Cush. 158. *Lester* v. *Webb,* 1 Allen, 34. The absence of one of the directors in Europe could not deprive the corporation of the capacity to act and bind itself by the acts of the officers in actual charge of its affairs.

If the validity of the mortgage were to depend entirely upon subsequent ratification, such ratification would be effective notwithstanding the recording of the mortgage. No new record would be necessary. The ratification relates back.

The validity of the mortgage as affected by the insolvent laws is not submitted to us by the case reserved ; and, as no provision is made for the ultimate disposition of the case, it must stand for further hearing upon the questions of fact raised by the answer.