# WHEELING.

## RAUCH v. OIL COMPANY.

### July 17, 1874.

1874.
June Term.

1. A paper purporting to be a deed of trust, reciting a corporation as grantor, and having affixed thereto the following attestation: "Witness the signature and seal of William Scott, president of said Blennerhassett Oil Co., and who is legally authorized by the board of directors of said Company to make this grant, this date aforewritten. ·

                        WILLIAM SCOTT, [SEAL],"

is not the deed of the Corporation.

2. Such paper, however, relating merely to goods and chattels, is valid, as a mortgage against creditors and subsequent purchasers, from the time that it is duly admitted to record in the county where the property embraced in said paper may be, under the fifth section of chapter seventy-four of the Code.*

Appeal, operating as a *supersedeas*, granted on the petition of Charles M. Rauch, from a decree of the circuit court of Wood county, rendered on the 27th day of January, 1874, in a suit therein pending, wherein said Rauch was complainant, and The Blennerhassett Oil

---

*The following are sections five of chapter seventy-four, and thirty-six of chapter one hundred and twenty-five of the Code, referred to in the syllabus and opinion of the Court.

"5. Every such contract, every deed conveying any such estate or term, and every deed of gift, or deed of trust or mortgage, conveying real estate or goods and chattels, shall be void as to creditors and subsequent purchasers for valuable consideration without notice, until and except from the time that it is duly admitted to record in the county wherein the property embraced in such contract or deed may be."

"36. Every material allegation of the bill not controverted by an answer, and every material allegation of new matter in the answer, constituting a claim for affirmative relief, not controverted by a reply, shall, for the purposes of the suit, be taken as true, and no proof thereof shall be required."

Company, James Hutchinson, trustee, Owen Franks and William Scott were respondents. The other facts appear in the opinion of Paull, Judge.

The Hon. James M. Jackson, judge of said circuit court, presided at the hearing below.

*Walter S. Sands* for the appellant.

*James Hutchinson* for the appellee.

PAULL, JUDGE:

The plaintiff in the court below, and appellant in this Court, having obtained judgment against the defendant, the Blennerhassett Oil Company, caused an execution to be levied on two steam engines and boilers with all the fixtures thereto belonging, with engine house and derricks ; also on a lease for a term of years, on the right fork of Burning Spring run, as the property of the Blennerhassett Oil Company, and said property having been sold by the sheriff, the plaintiff alleges in his bill that at the sale he became the purchaser thereof for the sum of $422.

This judgment was had at the April term of the circuit court of Wood county in 1867.

The plaintiff further alleges that in the month of March preceding, said Oil Company made to one S. F. Shaw what purported to be a deed of trust on said property levied on, (excepting one or two articles) to secure the payment of a promissory note given by said Company to one Owen Franks for the sum of $1,600—and which deed was recorded in the recorder's office of Wirt county, the 20th day of March, 1867. The attesting clause to said deed is as follows: "Witness the signature and seal of William Scott, president of said Blennerhassett Oil Company, and who is legally authorized by the board of directors of said Company to make this grant, this date aforewritten.

WILLIAM SCOTT, [Seal.]"

The deed names the said Blennerhassett Oil Company of West Virginia, as the grantor. The following is the

acknowledgment before the Notary Public: "Before me Barna Powell, a Notary Public, in and for said county and State, personally appeared William Scott, president of Blennerhassett Oil Company of West Virginia, and acknowledged the signing and sealing of the foregoing deed to be his voluntary act and deed, in accordance with the instructions of the board of directors as above set forth :" Witness and &c.

The bill alleges that James Hutchinson, appointed trustee in the place of said Shaw, had advertised the property for sale, wherefore the plaintiff prays for an injunction on the ground of the previous sale of the property and the purchase by the defendant, and that said deed of trust had no validity, by reason of its defective execution which was granted.

The bill contains other allegations and charges, not material here to notice.

The said Oil Company, and the said William Scott, answered the bill, maintaining the validity of said deed, and making many other allegations and charges not material here to notice.

Upon the final hearing the court dissolved the injunction and dismissed the bill; and the plaintiff has taken an appeal.

It has been claimed, in argument, that the plaintiff has not shown any title in himself to the personal property covered by the deed of trust. The sheriff's return upon the execution does not show to whom the property was sold, and there is no evidence in the record. The bill alleges, however, that the plaintiff became the purchaser, and this allegation is not directly controverted in the answers. They do not expressly deny the fact of the sale and the purchase of the property, by the plaintiff, although they deny that the plaintiff's debt was a valid one, and charge the sale as a sham.

These charges, we think, should be proved, to give them effect, as against the claims of the bill, and there is

no evidence, whatever, tending to establish these charges found in the record. We think the fact, as alleged in the bill, is not so controverted in the answer as to put the plaintiff on proof of his title to the property under the alleged purchase, no evidence being introduced by the defendant to impeach its truth. See chapter one hundred and twenty-five, section thirty-six of the Code.

The only remaining questions are connected with the paper purporting to be a deed of trust executed on the part of the Blennerhassett Oil Company, and put upon record previous to the judgment of the plaintiff, and the sale and purchase aforesaid.

We do not think this paper is the *deed* of the Company, for the reason that it is not executed under the common or corporate *seal* of the Company. Angell & Ames on Corporations, section 295. "To bind a corporation by specialty, it is necessary that its corporate seal should be affixed to the instrument." See cases there cited. This section also recites: "The corporate seal is the only *organ* by which a body politic can oblige itself by *deed*; and though its members affix their *private* seals to a contract binding upon it, yet these not being *seals*, as regards the corporation, it is, in such case, bound only by simple contract." William Scott, as president of the Oil Company, affixes only his *private* seal. See also the case of *The Regents of the University of Michigan, v. The Detroit Society*, decided in 1863 : There the deed was signed by the regents, who affixed their private seals, the corporation being named, however, as grantor. The court say, "we do not think these seals can be treated as the seals of the respective corporations, or either of them. They are but the individual seals of the several persons signing the instrument; and as the contract does not purport to be that of the individuals, thus executing, but of the respective corporations, these individual seals are merely nugatory, and cannot alter the legal effect of the instrument. It must therefore be treated

as an unsealed instrument, or simple contract in writing ; and, as such, we think the respective corporations are bound by it, if it is in other respects valid in law." See *Hatch v. Barr*, 1 Ohio, 180. We are of opinion that this paper, not being the *deed* of the Company, cannot be held as creating a lien by deed, which would operate as a bar to the plaintiff, claiming under a subsequent lien, sale or purchase, if this were a conveyance of *real* estate on the part of the Oil Company. *White v. Denmen*, 16 Ohio, 59 ; *Pratt & Fox v. Clemens*, 4 W. Va.. 443. The question here is, what is the effect of this paper under our statutes, upon rights to the property therein specified, subsequently acquired by third parties. The fifth section of chapter seventy-four of the code provides, that every deed of gift or deed of trust or mortgage, conveying real estate or goods and chattels, shall be void as to creditors and subsequent purchasers for valuable consideration without notice, until and except from the time that it is duly admitted to record in the county wherein the property embraced in such contract or deed may be.

Now a deed of trust or mortgage of real estate, necessarily imports a sealed instrument as the means of conveyance ; for lands lie only in grant. Hence a paper purporting to be a deed conveying real estate in trust or by way of mortgage but which has not been *sealed* by the grantor, is not one of the papers described by the statute, which will be valid as a deed of trust, as against creditors and purchasers from the time of its recordation. But does a mortgage of personal property, of goods and chattels, import that the instrument by which the property is given or granted as a security or provision for a debt, shall be sealed ? This is not necessary in regard to personal property in order to create a mortgage thereof. A bill of sale, or any contract in writing not under seal, but designed to operate as a security, has been held by the courts to be a mortgage of goods and chattels ; and if a writing under the hand, but not under the seal, of a

party is made, conveying goods and chattels to a trustee, or to a creditor himself directly in the form of a mortgage, why does it not become valid against purchasers and creditors from the time of its recordation under the fifth section of chapter seventy-four of the Code, whether it passes the legal title, or creates a mere equitable mortgage? A mortgage does not *ex vi termini* import a sealed instrument, when applied to goods and chattels. And if a deed conveying goods and chattels in trust to secure a debt, or by way of mortgage, is made valid by the statute, it is not easy to perceive why an instrument in writing not under seal, but similar in language and purpose, is not made equally valid, under the name or head of "mortgage" contained in said fifth section. The objects of both instruments are the same, and the language of the statute sufficiently broad to cover them both. And notice of the status of the property being equally given by the recording of the paper, it is not seen that any prejudice can result to purchasers or creditors from the mere absence of a seal, which the statute does not absolutely require.

In the case before us, the paper purporting to be a deed of trust, executed by the Oil Company as its act, but not having the seal of the Company attached, cannot, as has been indicated, be regarded as the deed of the Company; but as it appears to be unquestionably the act of the Company, and conveys only personal property, no sufficient reason is seen why it shall not be treated as a valid mortgage, and being prior in time and in recordation to the purchase of the plaintiff under the execution, and prior to the time of its going into the hands of the sheriff, must be held as a bar to his title. In the case of *Sherman v. Fitch,* 98 Mass. 59, a deed of mortgage of personal property in which a corporation was properly recited as the grantor, but which, as in the case before us, was only executed by its president, under his private seal, was held to be defectively executed as the

*deed* of the company, but having been recorded, was held valid, as a mortgage—The court say ; "Sampson's (the President's) seal affixed does not make the instrument his contract, neither does it make it any the less the contract of the corporation. If a seal were essential to the validity of the mortgage it would fail for the same reasons. No seal was necessary. As a sealed instrument it could not be construed as the contract of either Sampson or the corporation. But if the seal be disregarded, as it may be, the contract will operate, as it was clearly intended, as the mortgage of the corporation." This authority seems to be the same in principle with the case before us, and sustains the views we have expressed. The paper purporting to be a deed of trust executed by the said Oil Company, and dated on the 18th day of March, 1867, and admitted to record in Wirt county on the 20th of March, 1867, must be held and taken as a valid mortgage of personal property, under the provisions of the Code, and is good, as against creditors and subsequent purchasers, from the time that it has been duly admitted to record in the county wherein the property embraced therein may be. This paper has not been successfully impeached on the ground of fraud or illegal consideration, and must operate as a bar to the plaintiff's claim to the property embraced therein, under his alleged purchase, and to his right to relief in the present bill.

The decree of the circuit court of Wood county, made on the 27th day of January, 1874, dissolving the injunction theretofore awarded, and dismissing the plaintiff's bill, is affirmed, with costs to the appellees and $30 damages.

The other Judges concurred.

DECREE AFFIRMED.