WEED SEWING MACHINE COMPANY v. WARREN H. JEUDE-
VINE AND JOSEPH K. TAYLOR.

*Bond will not sustain action if not lawfully delivered and accepted.*

A bond was sent for approval to the obligee's agent, who was not to deliver it to the obligee except on certain conditions. He did deliver it without fulfilling them. *Held* that there was no legal delivery and the bond was therefore void as an obligation and would not support an action.

Error to Clinton. Submitted Oct. 25. Decided Oct. 31.

ASSUMPSIT on bond. Plaintiff brings error.

*Spaulding & Cranson* for plaintiff in error.

*A. Stout* for defendant in error Taylor.

CAMPBELL, C. J.    Jeudevine was agent for the Weed Sewing Machine Company at Mt. Pleasant, and had become somewhat in debt to them.    He had given bonds originally, and in October, 1875, one Pierson, acting for the company, applied for a further bond, taking possession of the machines on hand, and promising that on receipt of a satisfactory bond they should be returned, and he should be continued as agent.    On this understanding Jeudevine and Taylor gave bond to the company conditioned to secure past and future indebtedness to the continuing amount of $1000.    After receiving the bond, the agency was not continued and the machines were not restored, and this fraudulent conduct was found by the jury, as the issue stood before them, to have been intended in the first place, and the bond secured by that means.

This defense was set up in a suit upon the bond for old indebtedness.    Objection to its reception under the general issue was overruled, and evidence was also received under objection, of a subsequent statement by Pierson that the bond was of no use to the company and he would return it.

This testimony of Pierson's statements was objected to as beyond his authority.    As he appears to have been the person having complete control of the arrangements, so far as they are brought home to any one, we think it might fairly be inferred that he fully represented the company.    If so, his statement negatived any acceptance of the bond.

From the testimony in the case on the main transaction, it was fairly to be inferred that the return of the machines and the continuance of the agency formed the only consideration for the signature of Taylor, and that the bond was not to be delivered except on the conditions referred to.    Pierson therefore had no right

when it was sent to him for approval to deliver it to the company except on those terms, and if he did so it was no legal delivery.

Whether, therefore, the defense is called a defense of fraud or not, is of no special importance, as such a defense as was here made goes directly to the delivery and acceptance of the bond, and therefore to its legal existence as an obligation. If the defense was true, there never was any lawful delivery and acceptance, and Pierson's subsequent statements showed that this was his own original understanding.

There is no error in the record inasmuch as the rulings on the legal consequences of the facts shown were correct, and the evidence admissible.

Judgment must be affirmed with costs.

GRAVES and COOLEY, JJ. concurred; MARSTON, J., did not sit in this case.