OZIAS W. SHIPMAN, GEORGE B. WILSON AND FRANK B. WILSON v. GEORGE W. GRAVES.

41  675
90  355

*Assignment does not cover goods if title has not passed.*

Goods were forwarded for acceptance if satisfactory, but acceptance and payment was unreasonably delayed and the consignee meanwhile assigned. *Held* that title had not passed and the goods were not covered by the assignment.

Error to the Superior Court of Detroit. Submitted October 9. Decided October 21.

REPLEVIN. Defendants bring error.

*Griffin & Dickinson* for plaintiffs in error.

*Sam'l Slesinger* and *Alfred Russell* for defendant in error. Where by intent of the parties anything remains to be done before sale is completed, title has not passed (*Prescott v. Locke*, 51 N. H., 94; *Foster v. Ropes*, 111 Mass., 10; *Walrath v. Ingles*, 64 Barb., 265; *Darden v. Lovelace*, 52 Ala., 289; *Pike v. Vaughn*, 39 Wis., 499) even though the property has been put in the buyer's hands, *Ward v. Shaw*, 7 Wend., 404; *Fuller v. Bean*, 34 N. H., 290; *Parker v. Mitchell*, 5 N. H., 165; *Stone v. Peacock*, 35 Me., 385; *Messer v. Woodman*, 22 N. H., 182; *Ockington v. Rickey*, 41 N. H., 281; *Field v. Moore*, Hill & Den., 421; *Kein v. Tupper*, 52 N. Y., 550; forwarding or delivery before full compliance with the terms of sale is not necessarily a waiver of the conditions of sale, *Farlow v. Ellis*, 15 Gray, 229; *Smith v. Milliken*, 7 Lans., 336; *Litterel v. St. John*, 4 Blackf., 326; when goods are sold on time and delivered to the buyer to be paid for by his negotiable note, the payment is a condition precedent to the sale, and title will not vest unless it is made or waived, *Whitney v. Eaton*, 15 Gray, 225; *Stone v. Perry*, 60 Me., 48; *Paul v. Reed*, 52 N. H., 138;

*Russell v. Minor*, 22 Wend., 659; *Osborn v. Gantz*, 38 N. Y. Sup. Ct., 148; *Mich. Cent. R. R. v. Phillips*, 60 Ill., 190; *Hirschorn v. Canney*, 98 Mass., 144.

GRAVES, J. There was a bargaining by correspondence between the Wilsons at Detroit and Graves in Connecticut for the purchase of certain tobacco. Graves furnished a sample and the Wilsons agreed to take a specified quantity of that sort and to give notes. Their offer was to give the notes on "regular time" and Graves requested notes at three months. The time is not specially important.

In the fore part of January, 1878, Graves sent the tobacco and the Wilsons received it and put it aside to be examined and compared with the sample, and their foreman made some examination, but does not seem to have decided positively.

However this may be the bargain required the Wilsons to proceed within a reasonable time to ascertain whether the bulk agreed with the sample, and in case of acceptance to send forward the agreed notes thereupon.

They delayed, however, and neither forwarded any notes nor informed Graves whether the tobacco agreed or not with the sample, or whether they proposed or did not propose to accept the article, and on the 18th of the same month, some eleven days after the arrival of the tobacco, they made a general assignment to Shipman for the benefit of creditors and turned this tobacco over to him as part of their assets.

A few days later Graves demanded the tobacco, and the parties refusing to surrender it, he replevied it in this action, and the court allowed him to recover.

The true question is whether the court erred in holding on the facts presented that no title vested in the Wilsons, and we think he did not. In order to pass the property by force of the bargain shown, the seasonable transmission of the notes, or perhaps instead thereof

the amount in money, was indispensable. The facts show that the only possession given was conditional and to enable the Wilsons before receiving title to ascertain whether the goods agreed with the sample and to perpetuate the ownership of Graves until the notes, or possibly the amount in each, should be forwarded. And we think the time of waiting on the part of Graves not sufficient to make room for argument that he waived his right as against these parties.

We find no error and therefore affirm the judgment with costs.

The other Justices concurred.