HORACE HITCHCOCK ET AL. v. AUGUST MILLER.

*Garnishment—Premature summons—Payment by garnishee.*

A garnishee defendant is properly discharged if it appears that the summons in garnishment was delivered for service before the garnishee had become indebted by the delivery of the goods for which he had bargained with the principal defendant.

When garnishment proceedings are dropped on disclosure and are not carried to judgment the garnishee acts at his peril in making payment to the plaintiff.

Error to Wayne. Submitted June 14. Decided June 21.

ASSUMPSIT. Defendant brings error. Reversed.

*Wm. S. Edwards* for appellant.

*J. S. Babcock* for appellees.

GRAVES, C. J. Plaintiffs sued Miller on the common counts before a justice of the peace, and Miller set up in defence that he had been garnished by the Detroit Savings Bank on account of the same debt, while it belonged to plaintiffs' assignor, one John Rentschler, and had paid the demand to the bank in the course of that proceeding. The justice of the peace decided against the validity of this defence and gave judgment in favor of the plaintiffs, and the circuit court affirmed the judgment. The justice was correct in holding as he did. It appeared conclusively that Miller arranged with the attorney for the bank to procure Rentschler to make him a suit of clothes and to have delivery take place so as to enable said attorney to intercept the pay by garnishee summons, and that in pursuance of this scheme the garnishee case was begun and carried on as far as it was ever prosecuted. But that in fact the summons was taken out and put into the hands of the person deputed to serve it before the clothing was delivered by Rentschler and before any debt had accrued on account of the bargain. Hence the proceeding had no force to affect the demand. But this is not all. The proceeding was never carried to judgment, but was dropped on disclosure. Miller was privy to all the facts and acted in his own wrong in paying. The questions in regard to evidence are of no importance. They had no bearing to change the result.

The judgment is affirmed with costs.

The other Justices concurred.