WILFRED G. COGSWELL v. WILLIAM S. MITTS ET AL.

*Garnishment—Indebtedness—Absence of contract relations—Fraud —Equity jurisdiction—Cancellation of chattel mortgage.*

1. Garnishee process cannot reach an indebtedness created after the writ is issued; citing *Post, etc., Co. v. Reilly*, 46 Mich. 459; *Hopson v. Dinan*, 48 Id. 612; *Hitchcock v. Miller*, Id. 603.

2. The sole consideration of a chattel mortgage was a present loan of money, the payment of which and effective delivery of the mortgage were to be simultaneous acts. One of the mortgagees took the mortgage across the street to examine the record, and, finding it clear, left the mortgage to be recorded, and returned to his office, where the mortgagor was waiting, and while a check was being drawn in payment of the loan the mortgagees were garnished at the suit of a creditor of the mortgagor, such action being taken by collusion between them and the creditor. And it is held that the practice resorted to did not create contract relations between the parties, and that equity has jurisdiction to cancel the mortgage.

Appeal from Saginaw. (Gage, J.) Submitted on briefs February 5, 1892. Decided February 19, 1892.

Bill to cancel a chattel mortgage. Defendants appeal.
Decree affirmed. The facts are stated in the opinion.

*James H. Davitt,* for complainant.

*William H. Sweet,* for defendants.

MONTGOMERY, J. The complainant filed a bill to com-
pel the defendants to deliver up for cancellation a promis-
sory note and chattel mortgage obtained from him under
the circumstances detailed below:

The complainant is a householder, with a family, and
on the 23d of October, 1890, applied to the defendants
Mitts for a loan of $125, and offered to secure the same
by a mortgage upon his exempt household furniture.
They agreed to loan him $125, upon his executing a note
and mortgage for $145.25, the $20.25 being for bonus
and fees for recording the mortgage. The papers were
prepared, and S. W. Mitts took the mortgage, and went
to the clerk's office to examine the record. He examined
the record, and found it clear, and left the mortgage to
be recorded, and returned to his office, where complain-
ant was awaiting him; but while the check was being pre-
pared for the money an officer came in and served a writ
of garnishment upon the defendants Mitts at the suit of
the Baries. The garnishee suit, as well as the principal
suit against the defendant Cogswell, was prosecuted to
judgment, and thereupon the defendants Mitts indorsed
the note without recourse to the defendants Barie, and
assigned the mortgage in question to them, in satisfaction
of such judgment.

We think the evidence shows that the writ of garnish-
ment must have been sued out before the mortgage was
actually filed, as the city clerk's office is directly across
the street from the office of Mitts, and he claims to have

returned immediately to his office after placing the mortgage on file. It has been repeatedly ruled that a garnishee process cannot reach an indebtedness created after the issue of the writ. *Hitchcock v. Miller*, 48 Mich. 603; *Hopson v. Dinan*, Id. 612; *Detroit Post, etc., Co. v. Reilly*, 46 Id. 459.

It is also very clear that the complainant did not intend that the relation of debtor and creditor should exist between Mitts & Co. and himself. The sole consideration of this note and mortgage was a present loan of money, which complainant was to receive in hand. The effective delivery of the note and mortgage and the payment of the money were to be simultaneous, and no such practice as was resorted to in this case can create a contract between parties which they never contemplated. See *Shipman v. Graves*, 41 Mich. 675; Benj. Sales, p. 268; *Booraem v. Crane*, 103 Mass. 522; *Weed Sewing Machine Co. v. Jeudevine*, 39 Mich. 590; *Thatcher v. Church*, 37 Id. 264.

It is contended, however, that jurisdiction in equity to cancel a writing does not exist if it appear that the complainant has a complete remedy at law, except in cases where fraud is shown. But we think the evidence in this case shows that there was an actual fraud. It could not have been by mere accident that the payment of the money by Mitts to complainant was, at the very moment that the check was being prepared, intercepted by the service of this garnishee summons. No other conclusion can be reached than that there was collusion between the parties. It is true, they do not admit it on the record, but all the parties were not sworn, and the attorney who acted for the defendants Barie was not made a witness. The circuit judge was right in entertaining jurisdiction. *Sherman v. Fitch*, 98 Mass. 59; *Martin v. Graves*, 5 Allen, 601.

The decree of the court below will be affirmed, with costs of both courts to complainant.

The other Justices concurred.