Minshall, J.
The first and principal question in the case is, as to whether the appeal should have been dismissed by the circuit court on the motion of the plaintiffs. The action as commenced was for the recovery of money only,— no equitable relief was sought; but, before any judgment was taken or issue joined, the so called supplemental petition was filed, making new parties, the object of which was to have the claims of these parties against the attached property—that of Cooch, as assignee, and of the others as mortgagees—declared invalid as against the plaintiffs; in other words to facilitate a sale of the attached property by removing what is claimed to be a cloud upon the title of the plaintiffs under their attachment. That one who, as an attaching creditor, has acquired a lien upon personal property, may maintain a suit for the purpose of ascertaining the extent or existence of adverse claims to the same property, or removing clouds upon it that would affect its sale in the proceeding, is supported by principle as well as authority. The property being in the custody of the sheriff under the attachment, the creditor has no possessory action against other claimants or lien holders by which the validity of their claims can be determined; and, as they may not choose to institute such an action, he is without any remedy at law, other than to sell the property subject to the clouds upon it, which is not an adequate remedy. For these reasons similar suits have been sustained. Sherman v. Fitch, 98 Mass. 59; Jones on Chattel Mortgages, §848.
That an appeal would generally lie from a judgment in a suit brought to ascertain liens upon property and for an order of sale is not questioned. But it is claimed that in this case it will not, for the reason, that in the supplemental petition was embraced, the determination of the individual liability of Dan. I. Murray upon the notes and account, or, in other words, that the suit against Dan. I. Murray was for the recovery of money only, and the only judgment ren *29 dered against him was for money; and so it is claimed that, upon the authority of Ladd v. James, 10 Ohio St. 437, no appeal could be taken from the judgment of the common pleas, notwithstanding other relief was sought and obtained.
The confusion at this point arises, as we think, out of an irregularity in £he proceedings in the common pleas—the commencement of a proceeding to determine liens and adverse claims upon the attached property before the liability of Dan. I. Murray upon the notes and account had been determined by a judgment against him; until that had been done the plaintiff had acquired no perfected lien upon the attached property, and the suit to remove clouds upon it for the purpose of making a sale was premature—should not, and, if objection had been made, could not, have been united with the action at law, against Dan. I. Murray, for the recovery of a judgment on his indebtedness to the plaintiffs. But no objection was taken, and none can now be taken, to this irregularity. The method adopted doubtless suited the convenience of all parties in conducting the litigation, and did not necessarily affect the substantial rights of any; but the action against Dan. I. Murray and the suit on the supplemental petition, were none the less separate and independent actions; and their arbitrary union in the pleadings and trial cannot affect the right of either party tó' appeal from a judgment rendered against him in the suit for equitable relief. This distinguishes the case from Ladd v. James, in which a legal cause of action on a promissory note, and an equitable cause of action for the foreclosure of a mortgage given to secure it, were united; and the only issue, as observed by White, J., in Buckner v. Mear, 26 Ohio St. 519, was on the note, and the case was held not to be appealable.
It is also argued that the issue between the plaintiffs and dooch, assignee, involved the right to specific personal property, and therefore either party had the right to have it tried by a jury. The sheriff took the property into his possession under the attachment of the plaintiffs, where it remained until, by order of the court, it was placed in the hands of a receiver. Cooch might have brought replevin to determine *30 the right to the propert3r and its possession, as between himself and the plaintiffs, but he did not. And for such reason the plaintiffs made him a party, not to recover specific personal property', but to remove, if they could, the cloud of the assignment from the property they had taken in attachment. The relief sought was equitable* not legal.
The other errors assigned are presented by a bill 'of exceptions. The first is, that the court erred in rejecting the testimony of Joseph S. Voss as to what Dan. I. Murray said to him when purchasing goods for the firm. The bill of exceptions shows that the rejected testimony was to the effect, that Dan. I. Murray said to the witness, one of the plaintiffs, that Charles E. Barnett, not one of the mortgagees, was to put in the capital, and said Dan. I. Murray was to furnish the skill and services in carrying on the business, he being a practical jeweler; and plaintiffs’ counsel further stated, that he proposed thereafter to prove by other witnesses that the note and mortgage given by the firm to Frank Barnett and others, was for the capital which Charles E. Barnett had alone borrowed and was to furnish.
We fail to perceive any error of the court in rejecting this evidence. None of the parties sought to be affected by it were present, and it was therefore not competent as to them. ®But had the evidence been admitted, we fail to see what effect it could have had upon the voluntary engagement of each member of the firm, evidenced byr the note and mortgage, to Q&y a debt contracted by one of the members for money borrowed to the use of the firm.
The other error assigned is, that the court erred in admitting in evidence the mortgage made by the firm to Frank Barnett and four others, for $ 1,500.00, together -with evidence that the affidavit which was made and signed only by Frank, was made on behalf of himself and the others, joint payees with himself, who had authorized him to act as their agent in the matter. The claim is, that it should have been made and signed by all of them, or that the fact"of his agency should appear in the affidavit. The statute, section 4154, Revised Statutes, requires that, “The mortgagee, his agent or attorne3r, shall, before the instrument is filed, state thereon, *31 under oath, the amount of the claim, and that it is just and unpaid, if given to secure the payment of a sum of money only.” The affidavit complied with this requirfement. The language is: “The undersigned makes solemn oath and says he is one of the within named mortgagees, Sarah H., Frank H., Rate F., Mary J., and Roscoe Barnett; that said mortgagees have a valid claim against the within named mortgagors, C. F. Barnett and Dan. I. Murray, partners as Dan. I. Murray & Co., amounting to fifteen hundred dollars and-cents; that said claim is just and unpaid, and that the foregoing mortgage is given to secure the same, and bears eight per cent, interest from April 4th, 1887.” Signed, Frank H. Barnett.
It must be observed that, in this case, the interest of the mortgagees was joint, the mortgage having been executed to secure the payment of a note in which they were, joint payees; so that each had in law an implied agency to act for the others, 1 Par. Cont. 21; and hence the right of Frank to take the mortgage and make the affidavit existed independently of any express authority to do so. The affidavit fully complied with the law, and made the mortgage a valid lien upon the property for each and all of them. The fact that the others had conferred on the one making the affidavit an express authority to do, what he had an implied authority to do, in no way affects the validity of the act done.

Judgme7it affirmed.