Coös,
Dec., 1895.

LIBBY & a. v. MT. MONADNOCK MINERAL SPRING AND LAND
Co. & Tr.

A corporation is bound by the act of its agent, within its corporate powers,
    which the board of directors allowed him to do without objection.

ASSUMPSIT.   The principal defendants were defaulted, and the
controversy relates to the chargeability of the trustee.   Facts
found by a referee.
    September 19, 1891, the trustee, Lombard, gave one Ricker a
bond to convey certain land to him upon the payment by Ricker
or his assigns of the sum of $5,000 on or before April 1, 1892.
Ricker also held a bond from one Holbrook for the purchase of
other land.   In October, 1891, the defendant corporation was
duly organized, the incorporators agreeing " each with the other
to pay for the number of shares set against our respective names
at one dollar per share."   Lombard subscribed for two thousand
shares.   Ricker was one of the directors of the corporation and
a member of the executive committee of the directors.   He was
also the general financial manager, and, after 1891, he did all the

business of the corporation, and in all the transactions with Lombard he acted for it, so far as he lawfully could. Acting in this capacity, April 2, 1892, he paid Lombard $1,000, in part payment of the $5,000, and took a receipt written on the back of the bond stating that Lombard received of Ricker, "treasurer and general manager of the Mount Monadnock Mineral Spring and Land Company, one thousand dollars on bond of land to said Ricker for said company, and said bond is hereby extended to the first day of May, 1892." Ricker had sold his rights under the bonds to the company for the sum of $12,000, for which he received $10,000 in the company's notes and was to receive $2,000 in cash when the lands described in the bonds were conveyed to the company. This transaction was set forth in a recorded vote of the executive committee and in a recorded vote of the directors. The company took possession of the Lombard land and commenced to erect a hotel upon it. Both Ricker and Lombard understood that Lombard's subscription for two thousand shares of the stock was applied as part payment of the agreed price of the Lombard land, and that only $2,000 of the price remained unpaid. The company, through its board of directors, had knowledge of Ricker's intended application of Lombard's subscription in part payment of the land, and did not object.

Subject to the plaintiffs' exception, Ricker testified that at the time he made the contract with the executive committee for the sale of his interest in the bonds, he informed them that the purchase price of the Lombard land was $5,000, that he expected to pay $1,000 thereon in a few days, and that Lombard's subscription to the stock was applied on the purchase price, and that the balance unpaid was $2,000.

*C. Edward Wright* and *Thomas F. Johnson*, for the plaintiffs.

*Jason H. Dudley* and *Drew, Jordan & Buckley*, for the trustee.

*Per Curiam.** At the time Ricker sold his interest in the bonds to the company, all the parties in interest understood that Lombard's stock subscription had been paid by a credit of $2,000 on the price of the land. Whether Ricker had authority in the first instance to bind the company by that arrangement is a question that does not arise, for the company, through its board of directors, had knowledge of his intended application of Lombard's subscription in part payment of the land. Under the circumstances, their knowledge and silence are equivalent to consent; and when the agreement for the application was made by Ricker and Lombard, the company became bound by the act of

---

* See foot-notes on pages 22 and 376.

Ricker.   2 Mor. Corp., s. 627; *Sherman* v. *Fitch*, 98 Mass. 59, 64. As Lombard is not indebted to the company, he is not chargeable as its trustee in this action.   *Forist* v. *Bellows*, 59 N. H. 229.

Ricker's testimony was competent.   Its tendency was to show that the directors were informed of the application made of Lombard's subscription.

*Trustee discharged.*

BLODGETT, J., did not sit: the others concurred.