STELLA R. McKENZIE, Trustee, Beneficiary and Executrix of the Will of MOSES W. WEBBER, Appellant from the Decree of the Judge of Probate

*vs.*

THE WEBBER HOSPITAL ASSOCIATION.

York.     Opinion February 5, 1910.

*Executors and Administrators. Probate Petitions. Uniform Blanks. Accounts. Opening Settlements. Corporations. Authority of Officers and Agents. Evidence. Revised Statutes, chapter 47, section 68; chapter 65, section 43.*

It is not necessary that a petition signed and presented to the probate court by the president of a corporation to require an executrix to settle her final account, should show his authority to sign and present it.

The authority of the president of a corporation to sign and present to the probate court a petition to require an executrix to settle her final account can be shown by the records of the corporation or even by oral testimony.

Authority in the agent of a corporation may be inferred from the conduct of its officers or from their knowledge and neglect to make objection.

The statute, R. S., chapter 65, section 43, establishing uniformity in the use of blanks in the probate court is not to be so construed as to deprive the petitioner of his remedy if there is no prescribed form adapted to the existing situation. He is not prohibited from presenting a petition containing allegations appropriate to the facts of his case.

On the settlement of the final account of an executrix, former accounts
settled by her may be opened on a charge of fraud in the inventory and in
such accounts, although no appeals were taken from the decrees allowing
the former accounts.

That an executrix regarded her second account as a final account does not
make it a final account when it was not accepted by the Judge of Probate
as a final account and no notice was given thereon as a final account.

On exceptions by plaintiff.    Overruled.

Appeal from decree of the Judge of Probate, York County.
The Webber Hospital Association filed a petition in the probate
court praying that the plaintiff be cited into said court to settle
her final account of administration as executrix of the estate of
Moses W. Webber, deceased testate.    The plaintiff then filed a
motion in said court asking that the aforesaid motion be dismissed.
The Judge of Probate refused to grant the motion and thereupon
the plaintiff appealed to the Supreme Court of Probate.    The
Supreme Court of Probate dismissed the appeal and ordered the case
remanded to the probate court for further proceedings, and the
plaintiff excepted.    (See *Hospital Association* v. *McKenzie*, 104
Maine, 320.)

The case is stated in the opinion.

*James O. Bradbury*, for plaintiff.

*Edwin Stone*, for defendant.

SITTING :    EMERY, C. J., WHITEHOUSE, PEABODY, SPEAR, CORNISH,
KING, BIRD, JJ.

WHITEHOUSE, J.   In August, 1899, the appellant was duly
appointed executrix of the will of Moses W. Webber, late of
Biddeford and returned to the probate court an inventory of the
estate.    Subsequently she presented to the court, a first and second
account of her administration of the estate but has never presented
her final account.    In October, 1908, the defendant Association by
its president, Robert McArthur, filed a petition asking that the
appellant be cited into court to settle her final account.    In this
petition it is represented that the appellant filed a false and fraudu-
lent inventory of the estate ; that in her capacity as executrix, she
assigned and delivered to herself as legatee under the will certificates

of stock belonging to the estate of the value of $8,694 in payment of a bequest to her of $5000, and assigned to herself stock of the value of $30,117 belonging to the estate to constitute a fund of $15,000 from which she was to receive the income during her lifetime.    The prayer of this petition necessarily involves a re-opening of the first and second accounts settled by the appellant, by reason of her alleged illegal, wrongful and fraudulent acts in the premises.

The appellant filed a motion in the probate court asking that this petition be dismissed, first, because it was not the legal petition of the defendant association ; second, because it is contrary in form and substance to the rules and orders of the probate court ; third, because it contains immaterial and defamatory matter and fourth, because it asks "for the doing of things already done and not appealed from."

The probate court refused to grant this motion to dismiss the petition and the appellant took an appeal from this refusal to the supreme court of probate.

This appeal was dismissed and the case ordered to be remanded to the probate court for further proceedings.    The case comes to this court on exceptions to this ruling dismissing the appeal.

It is the opinion of the court that this ruling was correct and that the exceptions must be overruled.

1.    Under the reasons of appeal it is contended in the first place by the appellant that the petition of the defendant association praying that the appellant be cited to settle her final account is not legally sufficient because it is not alleged that Robert McArthur was its president duly authorized to sign, and present the petition. But such an affirmative allegation was not indispensable in a petition of this character.    If objection had been made in the probate court that the petition was not authorized by the association, a question of fact would have been raised to be determined upon evidence introduced.    The fact might have been proved by the records of the corporation or even by oral testimony.    "Authority in the agent of a corporation may be inferred from the conduct of its officers or from their knowledge and neglect to make objection, as well as in the case of individuals."    R. S., ch. 47, sect. 68 ; *Sherman* v.

*Fitch*, 98 Mass. 59; *York* v. *Mathis*, 103 Maine, 67; *Fitch* v. *Steam Mill Co.*, 80 Maine, 34. Or if the petition were originally signed by the president without authority, his act might subsequently have been ratified and confirmed. The appellant was in no way prejudiced by the omission to append the allegation respecting the president's authority.

2. It is contended that the petition is contrary to law in form and substance, because it is provided by section 43 of chapter 65, R. S., that no other blanks shall be used in probate procedure than those approved by the Supreme Judicial Court, and that the defendant's petition is not in conformity with any blank so prescribed. It is insisted that the defendant should have used form No. 121 of the probate blanks. But this is the general form of the citation to settle an account in the probate court and not applicable to the special and extraordinary conditions alleged to exist in this case. The statute establishing uniformity in the use of blanks in the probate court is not to be so construed as to deprive the petitioner of his remedy if there is no prescribed form adapted to the existing situation. He is not prohibited from presenting a petition containing allegations appropriate to the facts of his case. The defendant's petition was sufficient in form and substance.

3. It is true that no appeals were taken from the decrees of the probate court in the settlement of the petitioner's first and second accounts but "it cannot be controverted, that on the final settlement of the administrator's account in the probate court, former settlements may be opened for the purpose of rectifying mistakes, whether originating in fraud practiced on the court or through a misapprehension of the true state of facts by the parties." *Coburn* v. *Loomis*, 49 Maine, 406. It has been seen that the defendant's petition contained allegations of "illegal, wrongful and fraudulent cts," on the part of the appellant respecting the inventory of the estate and the filing of her first and second accounts and that the granting of the prayer of the petition asking that she be cited to settle a final account involves the re-opening of the first and second accounts. *Bergeron* v. *Cote*, 98 Maine, 415.

4.   The suggestion that the appellant's second account was regarded by her as a final account is immaterial, for it does not appear that it was accepted by the probate court as a final account nor that any notice was ordered and given thereon as a final account.   There has been no final accounting by the appellant as executrix and it is manifest that the estate has not been legally and finally settled.

*Exceptions overruled.*